IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marie Assa'ad-Faltas, MD, MPH, ) | C/A No.: 5:21-4035-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| John W. Kittredge, solely officially ) | ORDER AND NOTICE |
| as Acting SC Chief Justice in SC ) | |
| Appellate Case 2021-815, and ) | |
| solely for declaratory and ) | |
| injunctive relief, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Marie Assa'ad-Faltas ("Plaintiff"), proceeding pro se, filed this complaint against South Carolina Supreme Court Justice John W. Kittredge ("Defendant"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.     Factual and Procedural Background

Plaintiff's complaint lists her as Plaintiff and "habeas Petitioner." [ECF No. 1].[1] She alleges that on January 24, 2022, Defendant "initiated a criminal

---

[1] The complaint also contains two captions, one from a wholly-unrelated case in which Plaintiff moved to intervene, but was denied. *See* Case No. 3:22-608-CMC.

case against [Plaintiff] for having *allegedly*, over 22 months during the Pandemic closure of court buildings, either called or e-mailed various SC public employees about her pending cases at a rate of once per month." [ECF No. 1 at 3 (emphasis in original)]. She alleges the South Carolina Supreme Court appointed a South Carolina Attorney General Deputy and "*left him no discretion to decline to prosecute.*" *Id.* (emphasis in original). Plaintiff claims that if the South Carolina Supreme Court were to convict her, habeas would be granted, and she argues that the expected incarceration would be too short to allow completion of a habeas action, such that the case should now be considered ripe. *Id.* She also alleges she is entitled to a jury trial.

Plaintiff requests her March 22, 2022 trial be enjoined. She also requests declaratory relief, including but not limited to, an order holding: that no contempt of court arises from violation of an administrative order, that she has a right to a jury trial, that she be granted meaningful access for the Egyptian consul to monitor her case, and that the South Carolina Supreme Court's 2007 order related to her is void.

II.   Discussion

   A.   Standard of Review

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against

possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*,

3

901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    Judicial Immunity

Defendant should be dismissed based on judicial immunity. It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991). The judicial immunity bar includes damages claims brought under 42 U.S.C. § 1983, as well as cases where a plaintiff seeks both damages and injunctive or declaratory relief. *See, e.g., Lepelletier v. Tran*, 633 F. App'x 126, 127 (4th Cir. 2016) (holding that a plaintiff's "claims seeking injunctive relief against a sitting state court judge for actions taken in his judicial capacity also were barred by the plain language of 42 U.S.C. § 1983"). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *See Mireless*, 502 U.S. at 11; *see also*

*Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). As Plaintiff's claims against Defendant relate to his judicial actions, he is entitled to absolute immunity.

### 2.     No Habeas Relief

To the extent Plaintiff intended to file a habeas petition, the case is subject to summary dismissal. The relevant habeas statute, 28 U.S.C. § 2241, provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). State and federal court pretrial detainees may properly resort to Section 2241 for relief. *Davis v. South Carolina*, 2008 WL 154126 (D.S.C. Jan. 14, 2008) ("[P]etitions for federal habeas corpus relief by pretrial detainees can be brought under 28 U.S.C. § 2241. . . ."). However, pretrial detainees requesting habeas relief in federal court must demonstrate exhaustion of state remedies and "special circumstances" justifying federal review. *Brazell v. Boyd*, 991 F.2d 787, 1 (4th Cir. 1993); *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973) ("[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."); *Jones v.*

*Perkins*, 245 U.S. 390, 381 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Dickerson v. Louisiana*, 816 F.2d 220, 224–226 (5th Cir. 1987); *Moore v. DeYoung*, 515 F.2d 437, 443 (3rd Cir. 1975) ("[J]urisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present.") In the absence of special or extraordinary circumstances, federal courts must abstain from enjoining state criminal prosecutions and allow the state courts the first opportunity to address any constitutional issues. *Younger v. Harris*, 401 U.S. 37, 43 (1971).

Here, although Plaintiff cites *Wooley v. Maynard*, 430 U.S. 705 (1977), for the proposition that this case is now ripe, the undersigned finds the case distinguishable. In *Wooley*, Maynard had already sustained convictions and served a sentence of imprisonment for his prior offenses. Here, Plaintiff has not alleged that she has yet been convicted of anything, and the case is therefore entirely speculative.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in her complaint by filing an amended complaint by **April 27, 2022**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*,

6

238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.

    IT IS SO ORDERED.

April 6, 2022                                         Shiva V. Hodges
Columbia, South Carolina             United States Magistrate Judge