UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas, MD, MPH,<br><br>PLAINTIFF<br><br>v.<br><br>John W. Kittredge, solely officially as Acting SC Chief Justice in SC Appellate Case 2021–000815, and solely for declaratory and injunctive relief,<br><br>DEFENDANT | Case No. 3:22-cv-00923-TLW<br><br><br>**ORDER** |

Plaintiff Marie Assa'ad-Faltas, MD, MPH, proceeding *pro se*, filed this civil action against South Carolina Supreme Court Justice John W. Kittredge on March 21, 2022. ECF No. 1. This matter is now before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges, to whom this case was assigned pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.). In the Report, the Magistrate Judge recommends the Court dismiss Plaintiff's complaint without leave for amendment. ECF No. 42. Plaintiff has filed objections to the Report.[1] Accordingly, this matter is now ripe for review and disposition.

## BACKGROUND

Her claims in this action arise out of her twenty-two violations of a 2017 order issued by the South Carolina Supreme Court prohibiting Plaintiff from contacting any judge, justice, law clerk, clerk of court, or any other officer or

---
[1] Plaintiff's objections also contained her renewed request for the undersigned to recuse himself. That request was addressed in detail in a separate order.

employee of the South Carolina Unified Judicial System. ECF No. 42 at 2–8; *see also In the Matter of Marie Assa'ad Faltas,* Case No. 2021-000815 (S.C. June 10, 2022); ECF No. 21–1.[2] On March 22, 2022, the South Carolina Supreme Court held a Rule to Show Cause hearing regarding Plaintiff's continued violations of the 2017 order. *Id.* at 4. As a result of these violations, the South Carolina Supreme Court sentenced her to a ten-day contempt of court sentence to be served at the Alvin S. Glenn Detention Center beginning on June 27, 2022. *Id.* at 4–5.[3]

On March 21, 2022, Plaintiff filed her complaint naming one of the Justices of the South Carolina Supreme Court, John W. Kittredge, as the sole defendant. *Id.* Her claims related to the South Carolina Supreme Court's 2017 order, the court's March 2022 Rule to Show Cause hearing, and the court's June 2022 order finding her in contempt and sentencing her to ten days imprisonment. *Id.*  For relief, Plaintiff requests this Court provide a declaratory judgment that a contempt claim may not arise from her violations of the South Carolina Supreme Court's 2017 order because that court's judicial power is limited to cases and controversies. *Id.* at 6–7. She also asks the Court to (1) find that the South Carolina Supreme Court's

---

[2] By the South Carolina Supreme Court's count, Plaintiff has filed hundreds of frivolous lawsuits in state and federal court. *See* ECF No. 21–1 at 7–8 ("Since 1997, Respondent has been involved in sixty-four matters before [the South Carolina Supreme Court], twenty-four matters before the [South Carolina] court of appeals, forty-three matters before the Richland County Circuit Court, and thirty-seven matters before the Richland County Magistrates Court . . . Since 1989, Respondent has commenced more than forty actions in the United States District Court of South Carolina, four actions across the three federal districts of North Carolina, sixteen actions in the United States Court of Appeals for the Fourth Circuit, and thirty petitions with the United States Supreme Court. Both the district courts and the Supreme Court have chastised Respondent for her vexatious filing tactics and the latter has limited her ability to file entirely . . . since December 23, 2009, Respondent has filed or attempted to file with the [South Carolina Supreme Court] fifty-three *pro se* appeals or petitions for extraordinary writs, 152 *pro se* motions or supplemental motions, and 100 other items of correspondence, in addition to numerous phone calls and emails to court staff-notwithstanding this Court's explicit orders expressly forbidding such conduct.").

[3] Plaintiff has since filed several actions asserting various claims arising out her brief incarceration.

contempt charges must be tried by a jury where a state legislature permits trial by jury in petty offenses, (2) declare that all case documents must be publicly available, but subject to redaction, (3) declare that she has meaningful access to the Egyptian consular officers, including provisions for a consular officer's remote monitoring of the March 2022 Rule to Show Cause hearing, (4) declare that, because the South Carolina Supreme Court issued the underlying 2017 order, it cannot judge whether it was violated, (5) declare the South Carolina Supreme Court's 2017 order void, (6) limit penalties for her frivolous filings to those in South Carolina's Frivolous Claims Act and Rule 11, (7) enjoin the South Carolina Supreme Court's March 22, 2022 Rule to Show Cause hearing or, in the alternative, order that the Rule to Show Cause hearing be held remotely and subject to both this Court and the Egyptian consul's monitoring. *Id.*

Plaintiff filed her complaint on March 21, 2022—the day before the South Carolina Supreme Court's Rule to Show Cause hearing. ECF No. 1. She subsequently amended her complaint and filed a motion to stay the case and a motion for a temporary restraining order. ECF Nos. 21 & 22. In response, the Magistrate Judge issued a report and recommendation recommending that this Court deny Plaintiff's two motions. ECF No. 25. The Court accepted the recommendation and denied Plaintiff's motions. ECF No. 28. Plaintiff appealed the denial of these two motions to the United States Court of Appeals for the Fourth Circuit, which dismissed the appeal for lack of jurisdiction on June 29, 2023. ECF No. 39.

On July 19, 2023, the Magistrate Judge issued her Report. ECF No. 42. The Report recommends dismissing Plaintiff's claims as moot. *Id.* at 14. In the alternative, the Report recommends the Court find that Plaintiff's claims against Justice Kittredge are barred by the doctrine of judicial immunity.

First, the Report concludes that Plaintiff's requests for declaratory and injunctive relief are moot because they pertain to the South Carolina Supreme Court's procedures for conducting the March 2022 Rule to Show Cause hearing, which has already taken place. *Id.* at 9. In coming to this conclusion, the Magistrate Judge notes that Plaintiff' filed her complaint the day before the Rule to Show Cause hearing and that she has since supplemented her complaint with documents showing (1) the hearing proceeded on March 22, 2022, (2) the South Carolina Supreme Court subsequently issued an order on June 10, 2022 holding Plaintiff in contempt for violating its 2017 order, and (3) the South Carolina Supreme Court imposed a 10-day sentence for Plaintiff's contempt, and (4) that Plaintiff has completed her service of the 10-day sentence over a year ago. *Id.*  Hence, the Magistrate Judge concludes that Plaintiff's claims are moot because "the court cannot provide the relief Plaintiff requested in her complaint with respect to the [Rule to Show Cause] hearing, and there is no longer a controversy." *Id.* (citing *Broughton v. State of N.C.*, 717 F.2d 147, 148 (4th Cir. 1983) (dismissing an appeal as moot because the petitioner had already served the sentence she received upon her contempt of court conviction)). Similarly, the Magistrate Judge further concludes Plaintiff's requested relief related to public access to her case documents

is also moot because the South Carolina Supreme Court directly addressed her privacy concerns in its June 10, 2022 order finding her in contempt. *Id.* at 10–11.

Second, the Report concludes that Plaintiff's claims against Justice Kittredge are barred by the doctrine of judicial immunity, to the extent they are not moot. *Id.* at 11. As noted by the Magistrate Judge, "[i]t is well established that judges have absolute immunity from claims arising out of their judicial actions," and the only exception to judicial immunity is where a judge acted without jurisdiction. *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). Here, as outlined in detail by the Magistrate Judge, Justice Kittredge did not act without jurisdiction, because the actions taken by him as a member of the South Carolina Supreme Court were within the jurisdiction of that Court as established in Article V of the South Carolina Constitution. *Id.* at 12–13. Accordingly, the Report concludes that Plaintiff's claims against Justice Kittredge are subject to dismissal both because of his judicial immunity and because Plaintiff cannot show that the South Carolina Supreme Court acted without jurisdiction. *Id.* at 13–14.[4]

## ANALYSIS

As noted, Plaintiff filed objections to the Report. ECF Nos. 44 & 45.[5] Plaintiff classifies her objections as being "combined with [her] renewed motions" for the undersigned's recusal. ECF Nos. 44 & 45. Accordingly, the Court will address Plaintiff's motion for recusal before addressing her objections to the Magistrate Judge's Report.

---

[4] The Report also found other contempt of court cases cited by Plaintiff were inapplicable to the case at hand. ECF No. 42 at 14.
[5] ECF Nos. 44 & 45 are the same document.

A.   **PLAINTIFF'S MOTION FOR RECUSE**

In her motion for recusal, Plaintiff asserts a litany of conclusory allegations against the undersigned which purport to show the undersigned's "intemperate and animus-revealing written and false comments against Dr. Assa'ad-Faltas." ECF No. 44 at 1; ECF No. 45 at 1.[6] For the reasons set forth below, Plaintiff's motion is **DENIED**.

Recusal of federal judges is generally governed by 28 U.S.C. § 455. That statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This is an objective standard based on a "reasonable, well-informed observer who assesses all the facts and circumstances." *United States v. DeTemple*, 162 F. 3d 279, 286 (4th Cir. 1998). The basis of the disqualification must come from an "extrajudicial source," and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 554–55 (1994). If a party is unhappy with a judge's rulings, his proper path is to file an appeal. *Id.* at 555. As the Supreme Court of the United States stated in *United States v. Gordon*, 61 F. 3d 263, 268 (1995), "litigants may not make the trial judge into an issue because they dislike the court's approach or because they disagree with the ultimate outcome of

---

[6] Plaintiff also makes unsupported, conclusory allegations against the Magistrate Judge, former Judge of the United States Court of Appeals for the Fourth Circuit, a former United States Senator, former attorneys, the Richland County Sherriff, several members of the South Carolina Judicial Merit Selection Commission, and others. Plaintiff's conclusory allegations against these individuals and entities have no bearing on whether the undersigned is required to recuse himself in this matter.

their case."

Additionally, §455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (internal quotation omitted). The Fourth Circuit recognizes that overly-cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety. *DeTemple*, 162 F.3d at 287.

As noted, Plaintiff asserts that the undersigned should recuse himself because of his alleged "intemperate and animus-revealing written and false comments against Dr. Assa'ad-Faltas." ECF No. 45. These written comments arise out of the Court's prior orders addressing Plaintiff's claims in this and other actions. As noted, she asserts recusal is warranted here in conjunction with the conclusory allegations asserted against the individuals and entities noted in footnote 1 of this order. The Court has reviewed Plaintiff's unsupported allegations in accordance with §455(a) and finds that recusal is neither warranted nor required here. In sum, Plaintiff allegations are "unsupported, irrational [and] highly tenuous speculation." *Cherry*, 330 F.3d at 665. She has neither asserted a cognizable nor cogent argument for the undersigned's recusal. As noted, prior "judicial rulings alone almost never constitute a valid basis" for recusal. That holds true here, and Plaintiff's unsupported, conclusory assertion that the undersigned's prior orders contain "intemperate and animus-revealing written and false comments against Dr.

Assa'ad-Faltas" is insufficient to warrant recusal. Accordingly, Plaintiff's motion for recusal, ECF No. 45, is **DENIED**.

### B.    PLAINTIFF'S OBJECTIONS TO THE REPORT

After disposing of Plaintiff's motion for recusal, the Court is next charged with reviewing *de novo* any portion of the Magistrate Judge's Report to which a *specific objection* is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted); *see also United States v. Midgette,* 478 F.3d 616, 622 (4th Cir. 2007) (To constitute a "specific objection" warranting *de novo* review, an objection must be made with "sufficient specificity so as reasonably to alert the district court to the true ground for the objection.").

The Court discerns two *specific* objections from Plaintiff's objections.[7] First, Plaintiff asserts that the Report erred in concluding Justice Kittredge is covered by the doctrine of judicial immunity. ECF No. 45 at 2. In support of this argument, Plaintiff asserts that "*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 485–6 (1993), leaves no doubt about Dr. Assa'ad-Faltas' right to sue Kittredge . . . ." *Id.* Contrary to this objection, *Feldman* provides no such right. In fact, it forecloses Plaintiff's ability bring this action in federal district court.

Plaintiff has sued Justice Kittredge because he was the Acting Chief Justice during the South Carolina Supreme Court's Rule to Show Cause hearing and because he signed the June 2022 order. Although she only named Justice Kittredge as a defendant, she is, in effect, seeking to challenge several orders of the South Carolina Supreme Court in federal district court. *See id.* ("Whether SC S Ct ethically has a right to force lower SC state courts to obey unconstitutional orders is itself a federal question of equal protection this Court should consider *de novo* and without recusal-mandating bias.") (emphasis removed). *Feldman* bars this Court from reviewing orders and opinions issued by the South Carolina Supreme Court except in certain circumstances. *See* 50 C.J.S. Judgments § 1289 ("A state court judgment cannot normally be collaterally attacked in federal court, except on certain narrow grounds, and a federal court generally lacks jurisdiction to entertain such an attack, even though the attack purports to raise constitutional issues.").

---

[7] Again, as noted by the South Carolina Supreme Court, "Respondent frequently submits rambling, often incoherent, irrelevant, and long-winded filings in which she addresses non-justiciable matters or requests the Court to intervene in matters outside of [its] jurisdiction." ECF No. 21–1 at 7. That observation holds true here.

This is because federal district courts "do not have jurisdiction, however, over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 at 486.

By challenging orders of the South Carolina Supreme Court in federal district court, Plaintiff, in essence, seeks to *appeal* those orders to this Court. "[F]ederal district courts do not hear 'appeals' from state court actions." *France v. Cnty. of Charleston*, No. C/A 2:23-00157-BHH-MHC, 2023 WL 3937522, at *3 (D.S.C. May 16, 2023), *report and recommendation adopted*, No. CV 2:23-157-BHH, 2023 WL 3934590 (D.S.C. June 8, 2023) (citing *Feldman*, 460 U.S. at 476–82. Congress has provided that only the Supreme Court of the United States may review a decision of a states highest court. *See* 28 U.S.C. § 1257. Thus, pursuant to *Feldman*, this Court is without jurisdiction to review orders of the South Carolina Supreme Court. Plaintiff cannot circumvent this bar by suing Justice Kittredge "*solely* in his official capacity and *solely* for prospective relief." ECF No. 45 at 2 (emphasis in original); *see Fieger v. Supreme Ct. of S.C.*, No. C/A 3:10-1038-CMC-PJG, 2010 WL 3521606, at *3 (D.S.C. Aug. 16, 2010), *report and recommendation adopted,* No. CA 3:10-1038-CMC-PJG, 2010 WL 3521605 (D.S.C. Sept. 7, 2010) (collecting cases baring defendants from recasting their complaints in order to circumvent the strictures both *Feldman* and § 1257). "A complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims

framed as original claims for relief, or by suing the state court judge." 50 C.J.S. Judgments § 1289. Accordingly, her first objection is overruled.

Plaintiff's second objection asserts that the Report erred in concluding that her claims are moot. ECF No. 45 at 3. Specifically, Plaintiff asserts "[t]he R&R also ignored the capable-of-repetition-but-evading-review recognized exception to mootness even if mootness arguendo obtained." *Id.* In support of this assertion, she notes that only four of her twenty-two violations of the 2017 order were addressed by the South Carolina Supreme Court's order. *Id.* Thus, she posits that "[t]he case is not moot in any event because other 'remaining eighteen matters are not addressed in this order and are held in abeyance [.]'" *Id.* (emphasis removed).

The Fourth Circuit has held that "[a] case is not moot ... if a party can demonstrate that the apparent absence of a live dispute is merely a temporary abeyance of a harm that is capable of repetition, yet evading review." *Brooks v. Vassar*, 462 F.3d 341, 348 (4th Cir. 2006) (internal quotation marks omitted). The "capable of repetition, yet evading review" exception to the mootness doctrine, however, is narrow and applies "only in exceptional situations . . . ." *City of L. A. v. Lyons*, 461 U.S. 95, 109 (1983). Again, this doctrine applies only in *exceptional* circumstances and requires a litigant to show that (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *See Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007).

Plaintiff has failed to carry her burden of demonstrating that this exception applies. Although she asserts that her claims are not moot because the South Carolina Supreme Court held the other eighteen violations in abeyance, Plaintiff has presented no evidence showing that the South Carolina Supreme Court intends to proceed on those violations. Finding the exception applicable in this matter would require the Court to forecast further violations of the South Carolina Supreme Court's 2017 order on Plaintiff's part, which would necessitate another Rule to Show Cause hearing. "'[C]onjecture as to the likelihood of repetition has no place in the application of this exceptional and narrow grant of judicial power' to hear cases for which there is in fact a reasonable expectation of repetition." *Id.* at 289 (quoting *Abdul-Akbar v. Watson*, 4 F.3d 195, 207 (3d Cir. 1993)). Instead, "[t]here must be a 'demonstrated probability' that the challenged action will recur again." *Id.* (quoting *Murphy v. Hunt*, 455 U.S. 478, 483 (1982)). Accordingly, Plaintiff cannot demonstrate that the mootness exception applies based solely on her conjecture that the remaining eighteen violations could potentially be addressed by the South Carolina Supreme Court in the future. Her second objection is overruled.

Additionally, for the reasons stated by the Magistrate Judge, even if Plaintiff were correct that the mootness exception applies, her claims against Justice Kittredge would still be subject to dismissal under the doctrine of judicial immunity. And still, they would remain subject to dismissal because this Court does not have jurisdiction to review actions of the South Carolina Supreme Court except

in certain circumstances not present here. In sum, Plaintiff has provided no basis for the Court to reject the Magistrate Judge's Report.

Accordingly, for the reasons stated by the Magistrate Judge, the Report, ECF No. 42, is **ACCEPTED**, Plaintiff's Objections, ECF No. 44, are **OVERRULED**. This matter is **DISMISSED** without leave for amendment.

**IT IS SO ORDERED.**

<u>*s/ Terry L. Wooten*</u>
Terry L. Wooten
Senior United States District Judge

October 11, 2023
Columbia, South Carolina